

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East-8th Floor*
*Brooklyn, New York 11201*

August 7, 2019

**BY ECF**
Honorable Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *AB Discount Depot LLC, et al., v. USCIS*,
              No. 19-CV-2818 (Amon, J.)

Dear Judge Amon:

Plaintiffs AB Discount Depot, LLC ("Discount Depot") and Ahmed Mansha ("Mr. Mansha") bring this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, seeking judicial review of Defendant U.S. Citizenship & Immigration Services' ("USCIS") decision denying Plaintiffs' Form I-140 Petition for Alien Worker ("I-140 petition"). Pursuant to Rule 3.A of your Honor's individual practice rules, USCIS respectfully requests a pre-motion conference regarding its anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b) or, alternatively, its motion for summary judgment on behalf of USCIS pursuant to Fed. R. Civ. P. 56. Alternatively, in an effort to avoid wasting the Court's resources, USCIS respectfully requests the Court's endorsement of the below proposed briefing schedule.

**I.    Background**

Discount Depot is a retailer of low-cost consumer products and operates as a New Jersey limited liability company. *See* Complaint, ECF No. 1, ¶ 3, 8. Plaintiff Ahmed Mansha is a citizen of Pakistan and currently resides in Nassau County, New York on an E-1 visa as treaty-trader nonimmigrant.[1] *See* Compl., ¶¶ 4, 7. Discount Depot is owned by marketing company Mansha, Inc. Compl. ¶ 8. Through Mansha, Inc., Mr. Mansha owns a 51% share of Discount Depot. *Id.* Mr. Mansha also owns 50% of Shami Textiles, a Pakistan clothing manufacturer that intends to

---

[1] As background, qualified treaty traders and employees will be allowed a maximum initial stay of two years in the United States in E-1 nonimmigrant stats. *See* 8 C.F.R. § 214.2(e)(19)(i). Requests for extension of stay may be granted in increments of up to two years each. 8 C.F.R. § 214.2(e)(20). There is no maximum limit to the number of extensions an E-1 nonimmigrant may be granted. 8 C.F.R. § 214.2(e)(20)(iii). All E-1 nonimmigrants, however, must maintain an intention to depart the United States when their status expires or is terminated. 8 C.F.R. § 214.2(e)(1)(ii). *See generally* https://www.uscis.gov/working-united-states/temporary-workers/e-1-treaty-traders (last visited August 6, 2019).

use Discount Depot to expand its retail sales in the United States. *Id.*

On July 14, 2016, Discount Depot filed an I-140 petition seeking to classify Mr. Mansha as a multinational executive or manager pursuant to 8 U.S.C. § 1153(b)(1)(C), as Discount Depot asserted that Mr. Mansha would be employed as a managing member of Discount Depot. *See* Compl. ¶ 8. On September 12, 2017, USCIS issued a Request for Evidence ("RFE"), to which Discount Depot responded. Compl. ¶ 12. On February 7, 2018, USCIS issued a decision denying Discount Depot's I-140 petition on the grounds that: (1) a qualifying relationship though common ownership of the foreign entity and Discount Depot had not been established; (2) the record did not establish that Mr. Mansha's role with Discount Depot is qualifying; and (3) the record did not establish that Mr. Mansha's role with the foreign entity Shami Textiles was executive or managerial in nature. *See* Compl. ¶ 13. On April 19, 2018, after Discount Depot moved for reconsideration, USCIS again affirmed its February 7, 2018 decision.

On August 2, 2018, Plaintiffs commenced an action before this Court seeking APA review of USCIS's February 7, 2018 decision. Compl. ¶ 2; *see also* No. 18-cv-4383 (Amon, J.). On October 25, 2018, the parties stipulated to a dismissal with prejudice of Plaintiffs' action; as set forth in the stipulation, the parties agreed, *inter alia*, that USCIS will re-open the I-140 petition and re-adjudicate the petition on the sole issue of whether Mr. Mansha's offered position with Discount Depot is a qualifying managerial position; and further, that USCIS shall, in connection with its re-adjudication of I-140 petition, issue an RFE. *See* No. 18-cv-4383, Dkt. Nos. 14-15; *see also* Compl. ¶ 22.

After Discount Depot replied to another USCIS RFE, USCIS denied the I-140 on March 6, 2019, because the evidence "does not demonstrate that [Mr. Mansha] would primarily be acting in a managerial capacity." Compl. ¶¶ 23, 24. Plaintiff now seeks APA review of USCIS's March 6, 2019 decision.

**II.     Bases for Defendants' Anticipated Motion**

Plaintiff's claims are subject to dismissal. Under the APA, a court must uphold agency action unless that action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). This standard of review is "extremely narrow." *Chauffeur's Training Sch. v. Spellings*, 478 F.3d 117, 130 (2d Cir. 2007) (citation omitted). In reviewing the agency's decision, "courts should not substitute their judgment for that of the agency." *Karpova*, 497 F.3d at 267 (citations omitted). Where the initial level of judicial review lies in the district court, the district court is a reviewing court; it does not act as a fact-finder. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

Plaintiffs fail to show that USCIS's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Here, based on a review of the totality of the record—including Mr. Mansha's description of the position at issue, Discount Depot's organizational chart, and other documentation regarding the operation of Discount Depot—USCIS determined that Discount Depot failed to demonstrate that Mr. Mansha would primarily be acting in a managerial capacity. In order to obtain approval of an I-140 petition for an employee as a multinational executive or manager, the petitioner must establish that the alien's duties will be

2

"primarily" executive or managerial. *Saga Overseas, LLC v. Johnson*, 200 F. Supp. 3d 1341, 1348 (S.D. Fla. 2016). By requiring that the duties be primarily managerial or executive, the express language of the regulations excludes workers whose job involves a mix of management and non-management responsibilities. *Id.* (quotations omitted); *see also* 8 C.F.R. § 204.5(j)(3)-(5). Mr. Mansha's proposed responsibilities at Discount Depot would mix managerial and non-managerial tasks. Indeed, Plaintiffs concede that Mr. Mansha would be spending only 25% of his time doing employee management. Compl. ¶¶ 30-33. USCIS properly concluded that while Mr. Mansha may perform some management duties, the record does not establish that a majority of his time would be spent acting in a managerial capacity as contemplated by 8 C.F.R. § 204.5(j).

Accordingly, for those reasons, as well as others to be addressed more fully in a formal motion, the parties respectfully request a pre-motion conference to discuss Defendant's anticipated motion or, alternatively, request the Court's endorsement of the below proposed briefing schedule.

### III. Proposed Briefing Schedule

The Certified Administrative Record, which will be subject to judicial review in this APA action, is currently being prepared for service on Plaintiffs. *See Ali v. Pompeo*, No. 16-CV-3691 (KAM) (SJB), 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018) (holding that judicial review in APA cases "is cabined by what is referred to as at the 'Record Rule'" whereby "'[g]enerally, a court reviewing an agency decision is confined to the administrative record compiled by the agency when it made the decision.'") (quoting *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997)).

Accordingly, USCIS respectfully requests the Court's endorsement of the below schedule. USCIS requested Plaintiffs' consent for this schedule, but Plaintiffs' counsel indicated that he has not yet heard from his clients regarding this request.

- USCIS will file the Certified Administrative Record to Plaintiff by September 6, 2019;
- USCIS will serve its motion to dismiss, or in the alternative, motion for summary judgment,[2] by October 4, 2019;
- Plaintiffs will serve their opposition to USCIS's motion by November 1, 2019;
- USCIS will serve its reply by November 15, 2019.

---

[2] APA cases generally can be disposed of on a Fed. R. Civ. P. 12(b)(6) motion to the same extent as a motion for summary judgment. *See Bates v. Donley*, 935 F. Supp. 2d 14, 17 (D.D.C. 2013) ("[W]hen faced with a motion to dismiss in the APA context, a court may consider the administrative record and public documents without converting the motion into a motion for summary judgment."). When a district court reviews agency action under the APA, "the district court sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding whether the [agency's] study was factually flawed." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir. 1993). In any event, while the Government moves in the alternative for summary judgment, a Statement of Material Facts under Local Rule 56.1 is not required here; an APA challenge "presents only a question of law," as the district court conducts what is essentially an appellate review of the challenged administrative action. *See, e.g., Just Bagels Mfg., Inc v. Mayorkas*, 900 F. Supp. 2d 363, 372 n.7 (S.D.N.Y. 2012); *Student X v. New York City Dep't of Educ.*, 07-cv-2316, 2008 WL 4890440, at *11 (E.D.N.Y. Oct. 30, 2008) (finding that a Local Rule 56.1 Statement was unnecessary).

Pursuant to Rule III.B of your Honor's individual practices rules, the parties will not file any motion papers until the motion is fully briefed but will provide courtesy copies of all motion papers to Chambers at the time they are served.

USCIS thanks the Court for its consideration of this matter.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:     */s/*
    Sheldon A. Smith
    Special Assistant U.S. Attorney
    (718) 254-6011
    sheldon.smith@usdoj.gov

cc:     Michael E. Piston (by ECF)